UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 09-20392-CIV-KING/BANDSTRA

CATHERINE BEACK,

    Plaintiff,

v.

THE PUBLIC HEALTH TRUST OF
MIAMI-DADE COUNTY, d/b/a
JACKSON MEMORIAL HOSPITAL,

    Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

THIS CAUSE comes before the Court upon Defendant's April 24, 2009 Motion to Dismiss (D.E. #4). The Court has reviewed the Defendant's motion, Plaintiff's response filed in opposition (D.E. #7), Defendant's reply (D.E. #10), and all other pertinent portions of the record.

### I. BACKGROUND

Catherine Beack ("Plaintiff") was employed by Jackson Memorial Hospital for over twenty (20) years in patient care and most recently as a scrub nurse (Compl. ¶ 5) On June 15, 2006, while Plaintiff was assisting in an operation, she asked the physician in charge if she could take a break, as a result of certain side-effects she was experiencing from taking doctor-prescribed antibiotics (Compl. ¶ 10). On or about July 6, 2006,

1

Plaintiff was presented with a Disciplinary Action Report, which accused Plaintiff of taking an unauthorized break (Compl. ¶ 13).

On August 11, 2006, Plaintiff was informed that a decision had been made to terminate her employment (Compl. ¶ 24). Furthermore, Plaintiff was allegedly told that, unless she resigned immediately, she would be reported to the State and would risk losing her nursing license (Compl. ¶ 24). Plaintiff resigned (Compl. ¶ 24). On the next business day, after Plaintiff had an opportunity to speak with her attorney, she submitted a retraction of her resignation (Compl. ¶ 26). Plaintiff was told that her retraction was not timely submitted (Compl. ¶ 26). JMH has since reported Plaintiff to the State Nursing Board in connection with her termination (Compl. ¶ 28).

Plaintiff filed this action on February 17, 2009, alleging a deprivation of her liberty and property rights without due process of law in violation of 42 U.S.C. § 1983.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) should be granted if the plaintiff does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). In deciding a motion to dismiss, the court must accept the complaint's allegations as true and construe them in the light most favorable to the plaintiff. *See M.T.V. v. Dekalb County Sch. Dist.*, 446 F.3d 1153, 1156 (11th Cir. 2006). Finally, "[i]n analyzing the sufficiency of the complaint, [the Court] limit[s] [its] consideration to the well-pleaded factual

2

allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004).

### III. DISCUSSION

The Due Process Clause "requires notice and the opportunity to be heard incident to the deprivation of life, liberty or property at the hands of the government." *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003). To establish a violation of this clause in the context of a § 1983 claim, a plaintiff must first show a deprivation of a constitutionally protected liberty or property interest. *See Moorer v. City of Montgomery*, 293 Fed. App'x 684, 690 (11th Cir. 2008). The Eleventh Circuit has decided "that the state does not deprive a plaintiff of his property interest in a job if the plaintiff voluntarily resigns." *Id.* (citing *Hargray v. City of Hallandale*, 57 F.3d 1560, 1567–68 (11th Cir. 1995) ("If [the plaintiff] resigned of his own free will even though prompted to do so by events set in motion by his employer, he relinquished his property interest voluntarily and thus cannot establish that the [State] 'deprived' him of it within the meaning of the due process clause.")). Not all resignations, however, can be considered voluntary. "If on the other hand, [plaintiff's] resignation was so involuntary that it amounted to a constructive discharge, it must be considered a deprivation by [State] action triggering the protections of the due process clause." *Hargray*, 57 F.3d at 1567.

When a district court is confronted with an alleged due process violation related to an employee resignation, the court should presume that a resignation was voluntary. *See*

3

*Id.* at 1568. "This presumption will prevail unless [the plaintiff] comes forward with sufficient evidence to establish that the resignation was involuntarily extracted." *Id.* (*quoting Christie v. United States*, 518 F.2d 584, 587 (Ct. Cl. 1975)). The Eleventh Circuit has made it clear that "there are two situations in which an employee's resignation will be deemed involuntary, and thus a deprivation of due process: (1) where the employer forces the resignation by coercion or duress; or (2) where the employer obtains the resignation by deceiving or misrepresenting a material fact to the employee." *Id.* (internal citations omitted).

Based on the record and construing all facts alleged in the light most favorable to the Plaintiff, the Court finds that the Plaintiff has adequately alleged at this stage of the proceedings that her resignation was involuntary. Plaintiff argues in opposition to Defendant's Motion to Dismiss that Defendant "obtained Ms. Beack's resignation by a material misrepresentation." (Pl's Resp. Mot. to Dismiss 4). For an employee's resignation to have been involuntarily obtained by misrepresentation, the resignation must be "induced by an employee's reasonable reliance upon an employer's misrepresentation of a material fact concerning the resignation." *Hargray*, 57 F.3d at 1570 (*citing Scharf v. Dep't of the Air Force*, 710 F.2d 1572, 1575 (Fed. Cir. 1983)). "A misrepresentation may be material if it concerns an alternative to resignation, such as the possibility of criminal prosecution." *Hargray*, 57 F.3d at 1570.

Plaintiff alleges that "[o]n Friday August 11, 2006 Ric Cumming informed

4

[Plaintiff] that a decision had been made to terminate her and unless she resigned immediately she would be reported to the State and would risk losing her nursing license." (Compl. ¶ 24). Plaintiff chose to resign, "[a]nd, despite his assertions to the contrary, Cumming and/or [Jackson Memorial Hospital] caused a complaint against Beack to be filed with the State licensing board." (Compl ¶ 26). Based on the record, the Plaintiff has sufficiently alleged that she reasonably relied on the representation made to her that if she resigned, she would not be reported to the state nursing agency. Furthermore, her Complaint properly alleges that she was later reported to the state agency, and thus, such an offer from her employer could constitute a misrepresentation of a material fact.

## IV. CONCLUSION

Accordingly, after careful review of the record and the Court being otherwise fully advised, it is **ORDERED, ADJUDGED, and DECREED** that Defendant's Motion to Dismiss (**D.E. #4**) be, and the same is, hereby, **DENIED**. Defendant **SHALL FILE** its answer to Plaintiff's Complaint within twenty (20) calendar days from the date of this Order.

**DONE and ORDERED** in chambers at the James Lawrence King Federal Justice Building and United State Courthouse, Miami, Florida, this 29th day of May, 2009.

_____
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc:

**_Counsel for Plaintiff_**
**Frank M. Shooster**
**Tiffany B. Kleinman**
Shooster Kahn & Kleinman
777 S. State Road 7
Margate, FL 33068

**_Counsel for Defendants_**
**Eric A. Rodriguez**
Dade County Attorney's Office
111 N.W. 1st Street
Suite 2810
Miami, FL 33128-1993